IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES EDWARDS, JR.,

 Petitioner,

v.            CIVIL ACTION NO.: CV214-041

SUZANNE R. HASTINGS, Warden,

 Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Edwards ("Edwards"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, to which Edwards filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED** and Edwards' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Edwards pleaded guilty in the Middle District of Florida to possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and being a convicted felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Edwards was sentenced to 180 months' imprisonment on each count, to be served concurrently. (Doc. No. 8-1, p. 2). Edwards voluntarily dismissed his direct appeal,

(doc. no. 2-1, pp. 5–6), and he did not file a motion to vacate, correct, or set aside his convictions and sentences pursuant to 28 U.S.C. § 2255. (Doc. No. 1, p. 5).

In this petition, Edwards asserts that his prior conviction for resisting an officer with violence is not a crime of violence within the meaning of the Armed Career Criminal Act ("ACCA") because the original charge—battery of a law enforcement officer—is not a violent felony under Florida law. Respondent contends that Edwards' petition should be dismissed because Edwards does not satisfy the savings clause of section 2255.

## **DISCUSSION AND CITATION OF AUTHORITY**

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petition must show that the remedy afforded under section 2255 is "inadequate or ineffective" to challenge the validity of a conviction and/or sentence. Taylor v. Warden, FCI Marianna, No. 13-13045, 2014 WL 803040, at *2 (11th Cir. Mar. 3, 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in

2

sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (internal citation and punctuation omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

In Bryant v. Warden, FCC Coleman–Medium, 738 F.3d 1253 (11th Cir. 2013), the United States Court of Appeals for the Eleventh Circuit stated that, in order for a

petitioner to show that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent . . . had squarely foreclosed [his] claim . . . (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay, [553 U.S. 137 (2008)] as extended by this Court to [the petitioner's] distinct prior conviction, overturned our Circuit precedent that had squarely foreclosed [his] claim; [and] (3) the new rule announced in Begay applies retroactively on collateral review[.]

Id. at 1274. Under Bryant, Edwards must establish that the rule announced in the cases upon which he relies, Johnson v. United States, 559 U.S. 133 (2010), and Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (June 17, 2013), applies retroactively to cases on collateral review. Following its decision in Bryant, the Eleventh Circuit has stated that Alleyne does not apply retroactively to cases on collateral review. In Chester v. Warden, ___ F. App'x ___, No. 12-15119, 2014 WL 104150 (11th Cir. Jan. 13, 2014), the petitioner's "only available avenue for collateral relief in a § 2241 petition [was] through § 2255(e)'s savings clause." Chester, 2014 WL 104150, at *3 (citation omitted). The Eleventh Circuit stated, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Id. at *4 (citation omitted); see also United States v. Harris, ___ F.3d ___, No. 12-14482, 2014 WL 292381, at *3 n.3 (11th Cir. Jan. 28, 2014) (citation omitted) ("the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made retroactive through any combination of cases that necessarily dictate retroactivity.").

In addition, the Supreme Court decided Johnson, in which the Court determined that a prior conviction for simple battery under Florida law did not qualify as a violent

4

AO 72A
(Rev. 8/82)

felony under the ACCA, on March 2, 2010, which was more than a year before Edwards was sentenced. Even if Johnson provided the relief Edwards seeks, the assertions Edwards now makes were not foreclosed on a previous occasion, and they are untimely. Edwards did not bring his claims in a previous section 2255 motion. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999). The applicable statute of limitations period is found in 2255(f)(3), which provides a one-year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" Thus, Edwards would have had to file a Johnson-based claim no later than one year after his conviction became final, which he failed to do.

Because Edwards relies upon Alleyne, his claims are not based upon any retroactively applicable Supreme Court decisions; thus, he does not fulfill the first condition to invoke the savings clause. In addition, Edwards fails to prove that his claims were foreclosed on a previous occasion, despite his citation to Johnson. Edwards does not satisfy the savings clause, and the Court need not address the relative merits of his section 2241 petition.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Edwards' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)