# In the United States District Court
# For the Southern District Of Georgia
# Division

JAMES EDWARDS, JR.,            *
                                                 *
           Petitioner,                 *       CIVIL ACTION NO.: 2:14-cv-41
                                                 *
v.                                            *
                                                 *
WARDEN SUZANNE R. HASTINGS,      *
                                                 *
           Respondent.               *

## ORDER

Presently before the Court is Petitioner James Edwards' ("Edwards") "Letter Motion for a Fair Review of the Facts". Dkt. No. 17. Upon review of this motion, it appears Edwards intended to file a Motion for Reconsideration of the undersigned's Order dated June 23, 2014.[1] Dkt. No. 15. For the reasons set forth below, the Court **DENIES** Edwards' Motion.

### BACKGROUND

In its June 23, 2014 Order, the Court adopted the recommendation of the Magistrate Judge, over Edwards'

---

[1] "Courts generally 'must look beyond the labels of [filings] by *pro se* [inmates] to interpret them under whatever statute would provide relief.'" Lofton v. Williams, No. CV415-146, 2016 WL 126408, at *2 (S.D. Ga. Jan. 11, 2016) (first alteration in original) (citing Means v. Alabama, 209 F.3d 1241, 1242 (11th Cir. 2000) (concerning *pro se* inmates)); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Wilkerson v. Georgia, 618 F. App'x 610, 611-12 (11th Cir. 2015)).

Objections, and granted Respondent's motion to dismiss Edwards' 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.

According to Edwards, this Court instructed him to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the district of his conviction, which is the Middle District of Florida. Edwards contends he did as this Court instructed, and his Section 2255 motion was disposed of by an order without citations to law or signed by the judge. Id. In his Motion, Edwards requests that the Court give the facts of his Section 2241 Petition a "fair review." Dkt. No. 17-2, p. 1.

## DISCUSSION

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond Cty., No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument

or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted).

A review of Edwards' Motion reveals that his Motion is nothing more than a request for the undersigned to re-examine the previous unfavorable ruling dated June 23, 2014. Dkt. No. 15. Edwards fails to show that the undersigned made a manifest error of law or fact. Contrary to Edwards' understanding, this Court did not direct him to file a Section 2255 motion in the district of his conviction. Rather, this Court stated that motions attacking a conviction or sentence should be filed in the district of conviction as a general rule, and that is what Edwards attempted to do by filing his Section 2241 Petition. However, Edwards had the opportunity to proceed in this Court—which of course is not the district of conviction—pursuant to Section 2241 if he could meet the savings clause of Section 2255, 28 U.S.C. § 2255(e). This Court determined Edwards did not meet the savings clause, and, thus, he could not proceed in this Court via a Section 2241 Petition. Dkt. Nos. 12, 15.

In addition, Edwards' concerns regarding the Middle District of Florida's determination on his Section 2255 motion are without merit. That court denied Edwards' motion by order

dated December 2, 2014, with citations to law and Judge Richard Lazzara's signature. Order, <u>Edwards v. United States of America</u>, Case No. 8:14-cv-2983-T-26AEP (M.D. Fla. Dec. 2, 2014), ECF No. 2. The document Edwards submitted is a copy of the judgment in that case, which was issued by the clerk of court at the direction of Judge Lazzara. <u>Id.</u>; J., <u>Edwards v. United States of America</u>, Case No. 8:14-cv-2983-T-26AEP (M.D. Fla. Dec. 2, 2014), ECF No. 3. Judge Lazzara denied Edwards' Section 2255 motion as being untimely filed. Order, <u>Edwards v. United States of America</u>, Case No. 8:14-cv-2983-T-26AEP (M.D. Fla. Dec. 2, 2014), ECF No. 2. This order offers no reason for this Court to revisit its previous Order or any reason allowing Edwards to proceed with his Section 2241 Petition.

## CONCLUSION

For the above stated reasons, Edwards' Motion is **DENIED**. The Court's Order dated June 23, 2014, remains the Order of the Court. This case shall remain **CLOSED**.

**SO ORDERED**, this ___ day of _____, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA